IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| CAMPAGNOLO S.R.L.<br>Via della Chimica 4,<br>36100 Vicenza, Italy | :<br>:<br>:<br>: | Civil Action No. _____ |
| Plaintiff, | : | |
| v. | :<br>: | |
| BURKINA WEAR, INC.<br>177 E. Houston Street<br>New York, NY 10002 | :<br>:<br>: | **JURY TRIAL DEMANDED** |
| Defendant. | : | |

## COMPLAINT

### PARTIES

1. Plaintiff, Campagnolo, S.r.l., is a limited liability company organized and existing under the laws of Italy having a business address at Via della Chimica 4, 36100 Vicenza, Italy.

2. Campagnolo USA is the United States sales, marketing and distribution company for Campagnolo S.r.l. Campagnolo S.r.l. and Campagnolo USA are "related companies" under 15 U.S.C. § 1127.

3. Upon information and belief, Defendant Burkina Wear, Inc. ("Burkina") is a corporation having a principal place of business at 177 E. Houston Street, New York, NY 10002.

### JURISDICTION

4. Paragraphs 1-3 are incorporated by reference as if fully set forth herein.

5. Upon information and belief, Burkina conducts business in commerce

using the CAMPNY names and mark in Pennsylvania and throughout the United States.

6. This Action arises out of NY CLS Gen Bus § 360-l, 15 U.S.C. § 1125 and the common law.

7. This Court has jurisdiction over this Action under 28 U.S.C. §§ 1331, 1332 and 1338 and 15 U.S.C § 1121 and supplemental jurisdiction under 28 U.S.C. § 1367(a).

8. Venue is properly laid in this judicial district pursuant to 28 U.S.C. § 1391(b) and (c).

9. Upon information and belief, Burkina has conducted business within the Commonwealth of Pennsylvania and is subject to the jurisdiction of this Court under Pennsylvania's long-arm statute.

## COUNT I

*Trademark Dilution under NY CLS Gen Bus § 360-l*

10. Paragraphs 1-9 are incorporated by reference as if fully set forth herein.

11. Since at least as early as 1933, Campagnolo has manufactured, developed, and sold cycling equipment and related goods.

12. Campagnolo is the owner of various trademarks for "CAMPAGNOLO" that are registered with the United States Patent and Trademark Office on the Principal Register. These trademarks are referred to as the "CAMPAGNOLO Marks".

13. The CAMPAGNOLO Marks are registered for a wide range and variety of goods. Campagnolo's registrations for the "CAMPAGNOLO" trademarks are attached

as Exhibit A.

14.     Campagnolo offers a full line of apparel in connection with and prominently featuring the CAMPAGNOLO Marks including, but not limited to those items listed in connection with U.S. Trademark Registration No. 2,622,768, as well as the apparel items shown in Campagnolo's apparel catalogs, pertinent pages of which are attached hereto as Exhibit B.  Campagnolo's full line of apparel is referred to as "Campagnolo's Apparel Goods."

15.     Every trademark shown in Exhibit A is valid and subsisting on the Principal Register.  Registration Nos. 983,176 and 1,941,994 are incontestable.

16.     For decades, Campagnolo has sold Apparel Goods and other goods under the trademark "CAMPAGNOLO" throughout the United States, as well as internationally.

17.     Through decades of worldwide use and sales, the CAMPAGNOLO Marks have become symbols of success and victory in the world of cycling and identify Campagnolo as a source of high-quality goods.

18.     Campagnolo has developed valuable goodwill and respect for the CAMPAGNOLO Marks since at least as early as 1953.

19.     Campagnolo also holds itself out as, and is widely known to the public by the trademark and trade name "CAMPY"; referred to herein as the "CAMPY" Mark.  The term "CAMPY" has come to be widely recognized as the shortened version and/or nickname for "CAMPAGNOLO".  Attached as Exhibit C are some examples from Campagnolo's internet website at www.campagnolo.com, of Campagnolo's use of the

"CAMPY" Mark.

20. The public has come to widely refer to Campagnolo by the designation, "CAMPY". Campagnolo's "CAMPY" nickname as used by the public gives rise to protectable rights to Campagnolo in the "CAMPY" Mark. All such public use inures to Campagnolo's benefit, and serves to identify Campagnolo as the source of the "CAMPY" Mark.

21. The "CAMPAGNOLO" and "CAMPY" Marks are distinctive and have no recognized significance in the cycling and/or apparel industry, other than as designations of Campagnolo and as an identifier of the goods manufactured, developed and sold by Campagnolo, including Campagnolo's Apparel Goods.

22. The "CAMPAGNOLO" and "CAMPY" Marks have acquired secondary meaning.

23. Campagnolo's "CAMPAGNOLO" and "CAMPY" Marks are famous and distinctive.

24. The fame of the "CAMPAGNOLO" and "CAMPY" Marks is reflected in the distinctive and unique nature of the marks, the long use of the marks, the worldwide sales of Campagnolo's goods bearing the "CAMPAGNOLO" Marks, the worldwide advertising and promotion of "CAMPAGNOLO" and "CAMPY" Marks, the widespread consumer and trade recognition of the "CAMPAGNOLO" and "CAMPY" Marks, and the lack of any legitimate third-party uses of the "CAMPAGNOLO" or "CAMPY" Marks.

25. Upon information and belief, Burkina has used, and is currently using in interstate commerce, the trademark "CAMPNY" in connection with apparel; namely:

backpacks, bookbags, shoulder bags, handbags and purses, tote bags, travel bags and waist packs, clothing, namely, t-shirts, men's and women's jeans, men's and women's shirts, hats, caps, baseball caps, neck ties, socks, men's and women's shorts, men's and women's sport jackets and coats, wind resistant jackets, rain coats, golf shirts, gym shorts, headbands, jerseys, jumpsuits, slacks, pants, parkas, sweatshirts, ski masks, athletic suits, sweatsuits, warm-up suits, sweaters, tennis wear, vests, turtleneck shirts and sweaters, polo shirts.  A copy of Burkina's application to register its CAMPNY trademark with the U.S. Patent and Trademark Office is attached hereto as Exhibit D.

26. Burkina began using the trademark CAMPNY after Campagnolo's CAMPAGNOLO and CAMPY trademarks became famous.

27. Burkina's trademark "CAMPNY" is virtually identical and substantially similar to Campagnolo's "CAMPY" Mark.

28. Burkina's goods sold under the CAMPNY Mark are identical or related to Campagnolo's goods sold under its CAMPAGNOLO and CAMPY Marks.

29. A consumer familiar with Campagnolo's Goods and Campagnolo's "CAMPAGNOLO" and "CAMPY" Marks, upon seeing Burkina's Mark used in connection with Burkina's Goods, would be confused that Burkina's Goods are associated with, sponsored by, or licensed from Campagnolo, which they are not.

30. Burkina's use of the "CAMPNY" Mark will likely dilute the fame, potency, value and good-will of Campagnolo's famous "CAMPAGNOLO" and "CAMPY" Marks and lessen the capacity of Campagnolo's CAMPAGNOLO and CAMPY Marks to

identify and distinguish Campagnolo's goods.

31. The products sold under the CAMPNY mark are of inferior quality and will tarnish the reputation of Campagnolo's products.

32. Burkina's use of the "CAMPNY" Mark will cause irreparable harm to Campagnolo.

## COUNT II

*Trademark Dilution under 15 U.S.C. § 1125*

33. Paragraphs 1-32 are incorporated by reference as if fully set forth herein.

34. Campagnolo's "CAMPAGNOLO" and "CAMPY" Marks are famous as defined by 15 USC 1125(c).

35. Burkina's use of the "CAMPNY" Mark has diluted, and will continue to dilute, the fame, potency, value and good-will of Campagnolo's famous "CAMPAGNOLO" and "CAMPY" Marks and lessen the capacity of Campagnolo's CAMPAGNOLO and CAMPY Marks to identify and distinguish Campagnolo's goods.

36. Burkina's use of the "CAMPNY" Mark is likely to dilute, the fame, potency, value and good-will of Campagnolo's famous "CAMPAGNOLO" and "CAMPY" Marks and lessen the capacity of Campagnolo's CAMPAGNOLO and CAMPY Marks to identify and distinguish Campagnolo's goods.

37. Upon information and belief, Burkina willfully intended to trade on Campagnolo's reputation and/or to dilute the fame of Campagnolo's CAMPAGNOLO and CAMPY Marks.

## COUNT III

*Federal Unfair Competition - 15 U.S.C. § 1125(a)*

38. The allegations of paragraphs 1 through 37 are incorporated herein by reference as though fully set forth herein.

39. The Burkina's actions constitute unfair competition, false designation of origin, palming off, and false description or representation in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

40. Burkina's actions have caused and will continue to cause Campagnolo irreparable harm unless enjoined.

41. Burkina has profited from its unlawful actions and has been unjustly enriched to the detriment of Campagnolo. Burkina's unlawful actions have caused Campagnolo monetary damage in an amount presently unknown, but in an amount to be determined at trial.

## COUNT IV

*Common Law Trademark Infringement*

42. The allegations of paragraphs 1 through 41 are incorporated herein by reference as though fully set forth herein.

43. This cause of action arises under the common law.

44. Burkina's aforementioned conduct constitutes common law trademark infringement.

WHEREFORE, Campagnolo prays for the following relief:

Wherefore, Campagnolo, S.r.l. prays:

1. That Burkina Wear Inc. its officers and agents, be permanently enjoined from all use of CAMPNY and any other name or mark which contains or comprises "CAMPNY" as a mark or name or component of a mark or name.

2. That Burkina Wear Inc. deliver up to the Court for destruction all print and all other promotional materials which refer to CAMPNY as a name or mark or component of a name or mark.

3. That Burkina Wear Inc. be directed to cancel all domain names, trademark applications, corporate name and fictitious name registrations for any name of which "CAMPNY" or any variation thereof is an element.

4. That Burkina Wear Inc. be directed to account for and pay over to Campagnolo, S.r.l. all profits derived by it under either or any of the CAMPNY marks and names.

5. That Burkina Wear Inc. be required to pay over to Campagnolo, S.r.l. all profits realized by them from their unlawful acts complained of herein.

6. That Burkina Wear Inc. be ordered to pay the cost of future corrective advertising reasonably required to correct any confusion caused by Burkina Wear Inc.'s infringement.

7. That Burkina Wear Inc. be directed to pay over to Campagnolo, S.r.l. all damages suffered by Campagnolo, S.r.l. as a result of Burkina Wear Inc.'s acts herein complained.

8. That the award of Campagnolo, S.r.l.'s damages and Burkina Wear Inc.' profits be trebled as a result of Burkina Wear Inc.'s willful and deliberate infringement

of trademark rights.

9. That Campagnolo, S.r.l. be awarded punitive damages for the willful and deliberate acts of unfair competition and other unlawful injurious acts of Burkina Wear Inc. complained of herein.

10. That Campagnolo, S.r.l. be awarded its reasonable attorneys' fees and the cost of this action in view of Burkina Wear Inc.'s willful and deliberate violation of Campagnolo, S.r.l.'s rights.

11. That Campagnolo, S.r.l. have such other and further relief as this Court may deem warranted.

**JURY TRIAL DEMAND**

Campagnolo hereby demands trial by jury of all issues properly tried to a jury.

Respectfully submitted,

Date: 10/31/06

By _____
Anthony S. Volpe, Esquire, PA# 24,733
John J. O'Malley, Esquire, PA# 68,222
Volpe and Koenig, P.C.
United Plaza, Suite 1600
30 S. 17th Street
Philadelphia, PA  19103
Telephone: (215) 568-6400
Facsimile: (215) 568-6499
*Attorneys for Plaintiff*