IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

CAMPAGNOLO S.R.L.                           :
Via della Chimica 4,                        :        CIVIL ACTION
36100 Vicenza, Italy,                       :
                                            :
                      Plaintiff,            :
                                            :
BURKINA WEAR, INC.                          :        CASE No. 06 cv 4856
177 E. Houston Street                       :
New York, NY 10002,                         :
                                            :
                      Defendant.            :

## DEFENDANT'S MOTION TO DISMISS PURSUANT TO F.R.C.P. 12(b)(2) AND (3) DUE TO LACK OF PERSONAL JURISDICTION AND IMPROPER VENUE

Pursuant to F.R.C.P. 55(C), 12(b)(2) and (3), Defendant Burkina Wear, Inc. ("Burkina"), by and through its undersigned counsel, Frank Mazzeo and Carmen S. Giordano, moves this Honorable Court to dismiss this action due to lack of personal jurisdiction and improper venue. In support of this motion, Defendant avers the following:

1. Previously, Defendant filed a motion to dismiss the Complaint for lack of jurisdiction and improper venue dated January 12, 2007. The details of the initial motion to dismiss will not be repeated at length herein and we incorporate that motion to dismiss and the accompanying memo of law and exhibits by reference as if set forth at length herein. In response thereto, the Court ordered that jurisdictional discovery be conducted to fully determine the parameters of Plaintiff's broadly alleged jurisdictional basis for having filed this action in the Eastern District of Pennsylvania.

2. The parties have now concluded jurisdictional discovery. As a result thereof, it has been established that Defendant has conducted no business within the State of

Pennsylvania, has no contacts whatsoever in Pennsylvania, does not advertise in Pennsylvania and that there is absolutely no legal basis for this case to be maintained in the Eastern District of Pennsylvania.

3.   In response to Defendant's demand that Plaintiff produce any and all records relating to jurisdiction over Burkina in the EDPA, Plaintiff produced Exhibit A, simply a printout of Burkina's entire website.  Such records do not in any way indicate any jurisdictional basis for having filed this lawsuit in the EDPA.

4.   At his deposition held on March 20, 2007, the sole principal of Burkina, Ahmed Sankara testified that he has never done any business in and has no contacts with Pennsylvania. (the deposition transcript has not yet been made available to Defendant)  In fact, other than Plaintiff's Counsel's own attempts to purchase Defendant's merchandise online from Defendant's NY store (**Exhibit "A,"** Defendant's jurisdictional discovery responses), there have been absolutely no transactions or attempted transactions involving the sale of Burkina Hip Hop clothing or accessories in Pennsylvania.

5.   Testimony, records and all information adduced during jurisdictional discovery conclusively establishes the absence of any legally sufficient Pennsylvania nexus for jurisdictional and venue purposes.   Burkina has never had a mailing address, telephone number, fax number or bank account within Pennsylvania.  Burkina has never been obligated to pay federal, state, local or any other taxes in Pennsylvania. Burkina has never sold or offered for sale, shipped or transported any goods whatsoever to any customer or potential customer located in Pennsylvania. Burkina has never advertised in any form in Pennsylvania.  Not one

employee of Burkina has ever attended any meeting, trade show or sales call in Pennsylvania. See Exhibit, Interrogatory and Document Responses.

6. At his March 20, 2007 deposition, Mr. Sankara made clear that he operates a small store on the Lower East Side of New York City and that approximately 99% of sales of urban Hip Hop clothing and other related items are made directly out of this store. Approximately 1% (at most) of sales are made through his website and none of those internet sales were made to the State of Pennsylvania.

7. Further, Mr. Sankara testified that he has never advertised within Pennsylvania and, in fact, only advertises (to the very limited extent that he does so) within New York City in local publications and on a local radio station.

8. Hence, it is abundantly clear that there is no basis for continuing this lawsuit in the Eastern District of Pennsylvania.

9. Defendant is located in New York, New York   (See **Exhibit "B"** Affidavit of Abdul Momin Ahmed Sankara at ¶¶ 2, 9, ("Sankara Affidavit"), attached hereto and made part of the instant motion)   Defendant is a small New York City-based company that operates in New York City.  For the reasons set forth in the accompanying Memorandum of Law and affidavit, there is no basis for personal jurisdiction over Defendant in the Commonwealth of Pennsylvania.

10. Moreover, it is clear from the Complaint that Defendant's allegedly infringing activities, if they occurred, would all have to have occurred in New York, where Defendant is located and operates.  Apparently, this is the reason why the Plaintiff has pleaded the applicability of New York's Trademark statute, rather than that of Pennsylvania.   (See **Exhibit "B"** at ¶¶ 25-32; Sankara Affidavit ¶¶ 6-8.)

11. Since Defendant is not located in and has not transacted any business within Pennsylvania, it is not subject to personal jurisdiction there, and since the allegedly infringing activities have all occurred in New York, venue is not proper in the Eastern District of Pennsylvania either.

WHEREFORE, Defendant Burkina Wear, Inc. respectfully requests that this Honorable Court dismiss this matter for lack of personal jurisdiction and improper venue.


Dated: April 3, 2007

Respectfully submitted:


  /Carmen S. Giordano/  
Carmen S. Giordano, Esq.
225 Broadway, 40th Floor
New York, NY 10007

  /Frank A. Mazzeo/    (FAM356)
Frank A. Mazzeo, P.C.
808 Bethlehem Pike, Suite 200
Colmar, PA 18915

EXHIBIT A

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

|  |  |  |
|---|---|---|
| CAMPAGNOLO S.R.L. | : | |
| | : | Honorable Timothy J. Savage |
| Plaintiff, | : | |
| | : | |
| v. | : | Civil Action No.  06-4856 |
| | : | |
| BURKINA WEAR, INC. | : | |
| | : | |
| Defendant. | : | |

## DEFENDANT'S RESPONSES TO PLAINTIFF'S FIRST SET OF

## INTERROGATORIES

Pursuant to Rules 26, 33 and 34 of the Federal Rules of Civil Procedure, Defendant Burkina, by it's attorneys Carmen S. Giordano and Frank A. Mazzeo, hereby responds and objects to the First Set of Interrogatories ("Interrogatories") and Document Demands ("Requests") of plaintiffs Campagnolo, dated January 12, 2006.

These responses are based on the information currently available to Burkina. Burkina reserves the right to amend, supplement or modify its responses and objections at any time in the event that it obtains additional or different information.

### GENERAL OBJECTIONS

All of the General Objections set forth herein apply to and are incorporated into each of the specific responses to the Interrogatories and

Requests set forth below and have the same force and effect as if fully set forth therein, whether or not expressly incorporated by reference in such specific responses. Without waiving any of these General Objections to the extent they apply to each of the Interrogatories or Requests, Burkina may specifically refer to certain General Objections in responding to certain Interrogatories or Requests.

A.   Burkina objects to each Interrogatory and Request to the extent it seeks information or documents protected from disclosure by the attorney-client privilege, the work product doctrine or any other applicable privileges, immunities or protections from disclosure. Any inadvertent disclosure of information or documents protected by the attorney-client privilege, the work product doctrine or any other applicable privilege, immunity or protection from disclosure is not intended and should not be construed to constitute a waiver of such privilege, immunity or protection. Defendant objects to these Document Requests and Interrogatories to the extent that they are vague, overly broad, unduly burdensome, and not reasonably calculated to lead to discovery of admissible evidence.

B.   Burkina objects to each Interrogatory and Requests to the extent that it seeks information or the production of documents that are not in the possession, custody or control of Campagnolo. Plaintiffs object to these Document Requests and Interrogatories to the extent that they seek information obtained in anticipation of litigation, or which is protected by the attorney work product doctrine.

C.    Burkina objects to each Interrogatory and Requests to the extent that it is vague, ambiguous, confusing or otherwise incomprehensible. Defendant objects to these Document Requests and Interrogatories to the extent that they seek disclosure of information protected by the attorney-client privilege, including any documents prepared by plaintiff for her attorneys.

D.    Burkina objects to each Interrogatory and Request to the extent that it is overly broad or seeks information that is not relevant to the subject matter of the pending action and is not reasonably calculated to lead to the discovery of admissible evidence.

E.    Burkina objects to each Interrogatory and Request to the extent that it is unduly burdensome.

F.    Burkina objects to each Interrogatory and Request to the extent that it is unreasonably cumulative or duplicative.

G.    Burkina objects to each Interrogatory and Request to the extent that it seeks information or documents already in Plaintiff's possession, custody, or control.

H.    Burkina objects to each Interrogatory and Request to the extent that it seeks information or documents to which Plaintiffs have equal or better access, or for which the burden on Burkina is equal to, or equal, or better access, or for which the burden on Burkina is equal to, greater than, that of Plaintiffs in obtaining the requested information or documents.

I.    Burkina objects to each Interrogatory and Request to the extent it is premature.

J.    Burkina objects to the Definitions and Instructions and each Interrogatory and Request to the extent that they seek to impose duties and obligations on Burkina in excess of those imposed by the Federal Rules of Civil Procedure, the Local Civil Rules and decisional law construing such rules.

K.    The failure of Burkina to object to any specific Interrogatory or Request on a particular ground shall not be construed as a waiver of its rights to object on any additional ground(s). Burkina reserves the right to amend and/or supplement its objections and responses at any time consistent with further investigation and discovery.

L.    Burkina does not concede the relevance, materiality, or admissibility of any information or documents sought in these Interrogatories or Requests. Burkina's responses are without waiver or limitation of its rights to object on grounds of relevance, privilege, admissibility or evidence for any purpose, or any other ground to the use of any information or documents provided or referred to its responses, in discovery or in any proceeding, or at the trial of this any other action.

M.    Burkina objects to the inclusion of "independent contractor" in Plaintiff's definitions of the words "employment", "employed", and "employee".

N.    Burkina objects to each Interrogatory and Request to the extent that it seeks information beyond the time period relevant to this action.

O.    Burkina objects to each Interrogatory to the extent that it seeks information reflected in documents that have been requested by, and that will be produced in response to, Plaintiff's Requests.

## SPECIFIC OBJECTIONS AND RESPONSES

1.     State the ownership and corporate structure for Burkina and any person or entity which owns any interest in it.

**A.1. Burkina Objects to Interrogatory No. 1 to the extent it seeks information protected from disclosure by the attorney-client privilege, the work product doctrine or any other applicable privileges, immunities or protections from disclosure. Subject to and without waiving these and the foregoing General Objections, other than attorneys or legal assistants operating under the direction of an attorney, the information in these interrogatories was provided by the following individuals:   Ahmed Sankara.**

2.     Identify all investigations undertaken and documents reviewed in preparing paragraphs 1 through 24 of the Declaration of Abdul Momin Ahmed Sankara filed on January 12, 2007 in support of Defendant, Burkina's Motion to Vacate the Default Entered Against by it by the Plaintiff and Cross Motion alleging lack of personal Jurisdiction and Improper Venue.

**A.2. Burkina Objects to Interrogatory No. 2 to the extent it seeks information protected from disclosure by the attorney-client privilege, the work product doctrine or any other applicable privileges, immunities or protections from disclosure. Subject to and without waiving these and the foregoing General Objections, other than attorneys or legal assistants operating under the direction of an attorney, the information in these interrogatories was provided by the following individuals:   Mr. Sankara reviewed all relevant business records in his possession, including the annexed sales receipts and invoices.**

3.    Identify any office, mailing address, telephone number, fax number or bank account within Pennsylvania that was ever held, owned, leased or operated by Burkina.

**A.3. Burkina Objects to Interrogatory No. 3 to the extent it seeks information protected from disclosure by the attorney-client privilege, the work product doctrine or any other applicable privileges, immunities or protections from disclosure. Subject to and without waiving these and the foregoing General Objections, other than attorneys or legal assistants operating under the direction of an attorney, the information in these interrogatories was provided by the following individuals: None.**

4.    Identify any federal, state, local or any other taxes that Burkina has paid in Pennsylvania.

**A.4. Burkina Objects to Interrogatory No. 4 to the extent it seeks information protected from disclosure by the attorney-client privilege, the work product doctrine or any other applicable privileges, immunities or protections from disclosure. Subject to and without waiving these and the foregoing General Objections, other than attorneys or legal assistants operating under the direction of an attorney, the information in these interrogatories was provided by the following individuals: None.**

5.    Identify and describe any Products of Burkina that have been sold or offered for sale, shipped or transported to any customer or potential customer located in Pennsylvania.

**A.5. Burkina Objects to Interrogatory No. 5 to the extent it seeks information protected from disclosure by the attorney-client privilege, the work product doctrine or any other applicable privileges, immunities or protections from disclosure. Subject to and without waiving these and**

the foregoing General Objections, other than attorneys or legal assistants operating under the direction of an attorney, the information in these interrogatories was provided by the following individuals: None.

6.    Identify all publications whether in print or electronic in which Burkina has placed advertisements.

**A.6. Burkina Objects to Interrogatory No. 6 to the extent it seeks information protected from disclosure by the attorney-client privilege, the work product doctrine or any other applicable privileges, immunities or protections from disclosure. Subject to and without waiving these and the foregoing General Objections, other than attorneys or legal assistants operating under the direction of an attorney, the information in these interrogatories was provided by the following individuals:  NYC Guide.**

7.    Identify and describe all meetings, trade shows or sales calls that Burkina has had in Pennsylvania.

**A.7. Burkina Objects to Interrogatory No. 7 to the extent it seeks information protected from disclosure by the attorney-client privilege, the work product doctrine or any other applicable privileges, immunities or protections from disclosure. Subject to and without waiving these and the foregoing General Objections, other than attorneys or legal assistants operating under the direction of an attorney, the information in these interrogatories was provided by the following individuals: A phone call was made to Burkina on Sunday 2/4/07 at 7:37pm by William Bowling from the phone # (570) 971-1278. Burkina believes this phone call was recorded due to the beeping tone throughout the phone call. It was an**

attempted setup to establish some type of jurisdictional nexus to Pennsylvania, when none exists, that failed.

     8.    Identify all customers or potential customers of Burkina that are located within Pennsylvania.

**A.8. Burkina Objects to Interrogatory No. 8 to the extent it seeks information protected from disclosure by the attorney-client privilege, the work product doctrine or any other applicable privileges, immunities or protections from disclosure. Subject to and without waiving these and the foregoing General Objections, other than attorneys or legal assistants operating under the direction of an attorney, the information in these interrogatories was provided by the following individuals: None.**

     9.    Identify any contracts offered or made within Pennsylvania or with any person or entity located within Pennsylvania, by Burkina.

**A.9. Burkina Objects to Interrogatory No. 9 to the extent it seeks information protected from disclosure by the attorney-client privilege, the work product doctrine or any other applicable privileges, immunities or protections from disclosure. Subject to and without waiving these and the foregoing General Objections, other than attorneys or legal assistants operating under the direction of an attorney, the information in these interrogatories was provided by the following individuals: None.**

     10.    Identify and describe all instances in which an agent or employee of Burkina has traveled to Pennsylvania on behalf of Burkina.

**A.10. Burkina Objects to Interrogatory No. 10 to the extent it seeks information protected from disclosure by the attorney-client privilege,**

the work product doctrine or any other applicable privileges, immunities or protections from disclosure. Subject to and without waiving these and the foregoing General Objections, other than attorneys or legal assistants operating under the direction of an attorney, the information in these interrogatories was provided by the following individuals: None.

11.   Identify and list all manufacturers, vendors, suppliers or distributors of Products of Burkina that are located within Pennsylvania or ship or transfer Products into Pennsylvania.

A.11. Burkina Objects to Interrogatory No. 11 to the extent it seeks information protected from disclosure by the attorney-client privilege, the work product doctrine or any other applicable privileges, immunities or protections from disclosure. Subject to and without waiving these and the foregoing General Objections, other than attorneys or legal assistants operating under the direction of an attorney, the information in these interrogatories was provided by the following individuals: None.

12.   For each Product that was sold or shipped by Burkina into Pennsylvania, identify the Product, customer, date of order, invoice number, sale price, date of manufacture, customer location and shipping date.

A.12. Burkina Objects to Interrogatory No. 12 to the extent it seeks information protected from disclosure by the attorney-client privilege, the work product doctrine or any other applicable privileges, immunities or protections from disclosure. Subject to and without waiving these and the foregoing General Objections, other than attorneys or legal assistants operating under the direction of an attorney, the information in these interrogatories was provided by the following individuals: None.

13.    State the name, address and official title, if any, of any person who participated in the gathering of information for, the preparation of or the filing of the answers to these Interrogatories.

**A.13. Burkina Objects to Interrogatory No. 13 to the extent it seeks information protected from disclosure by the attorney-client privilege, the work product doctrine or any other applicable privileges, immunities or protections from disclosure. Subject to and without waiving these and the foregoing General Objections, other than attorneys or legal assistants operating under the direction of an attorney, the information in these interrogatories was provided by the following individuals: Ahmed Sankara.**

14.    Identify all websites that Burkina has owned, operated, advertised or displayed the Products of Burkina.

**A.14. Burkina Objects to Interrogatory No. 6 to the extent it seeks information protected from disclosure by the attorney-client privilege, the work product doctrine or any other applicable privileges, immunities or protections from disclosure. Subject to and without waiving these and the foregoing General Objections, other than attorneys or legal assistants operating under the direction of an attorney, the information in these interrogatories was provided by the following individuals:**

**Burkinas.com/Burkinanyc.com/Burkinajoint.com/Campnyus.com/Store.ebay.com/Burkinanyc.com**

15.    Identify any documents that Burkina has that list an address in Pennsylvania.

**A.15. Burkina Objects to Interrogatory No. 15 to the extent it seeks information protected from disclosure by the attorney-client privilege,**

the work product doctrine or any other applicable privileges, immunities or protections from disclosure. Subject to and without waiving these and the foregoing General Objections, other than attorneys or legal assistants operating under the direction of an attorney, the information in these interrogatories was provided by the following individuals: John O'Malley/William Bowling Documents.

16.    Identify by product name or identification all products bearing the company's CAMPNY trademark.

A.16. Burkina Objects to Interrogatory No. 16 to the extent it seeks information protected from disclosure by the attorney-client privilege, the work product doctrine or any other applicable privileges, immunities or protections from disclosure. Subject to and without waiving these and the foregoing General Objections, other than attorneys or legal assistants operating under the direction of an attorney, the information in these interrogatories was provided by the following individuals: Army Sweater, Hoody and Jacket/History/Lords/TheTrain /OldSkool/NY/Harlem/ BX/BK/Breakdance/Lower East Side/Army Cap/Microphone Assassin/B2/212/5 Star.

17.    Identify all records complied or retained regarding the origin of web traffic to all websites that Burkina owns, operates, or has used to advertise Burkina's products and services.

A.17. Burkina Objects to Interrogatory No. 17 to the extent it seeks information protected from disclosure by the attorney-client privilege, the work product doctrine or any other applicable privileges, immunities or protections from disclosure. Subject to and without waiving these and

**the foregoing General Objections, other than attorneys or legal assistants operating under the direction of an attorney, the information in these interrogatories was provided by the following individuals: None.**

18.    Identify all methods for storing data regarding internet sales or internet traffic related to any websites controlled or operated by Burkina.

**A.18. Burkina Objects to Interrogatory No. 18 to the extent it seeks information protected from disclosure by the attorney-client privilege, the work product doctrine or any other applicable privileges, immunities or protections from disclosure. Subject to and without waiving these and the foregoing General Objections, other than attorneys or legal assistants operating under the direction of an attorney, the information in these interrogatories was provided by the following individuals: Mr. Sankar will explain this in his deposition.   Information is simply printed out from website and kept in files.**

19.    Identify all sales or sales inquiries that originated in Pennsylvania and were received through any website controlled or operated by Burkina.

**A.19. Burkina Objects to Interrogatory No. 19 to the extent it seeks information protected from disclosure by the attorney-client privilege, the work product doctrine or any other applicable privileges, immunities or protections from disclosure. Subject to and without waiving these and the foregoing General Objections, other than attorneys or legal assistants operating under the direction of an attorney, the information in these interrogatories was provided by the following individuals: None.**

20. Identify any television channels, radio stations or internet broadcasts on which Burkina advertises that can be viewed or heard in Pennsylvania.

**A.20. Burkina Objects to Interrogatory No. 20 to the extent it seeks information protected from disclosure by the attorney-client privilege, the work product doctrine or any other applicable privileges, immunities or protections from disclosure. Subject to and without waiving these and the foregoing General Objections, other than attorneys or legal assistants operating under the direction of an attorney, the information in these interrogatories was provided by the following individuals: None.**

21. Identify the custodian and location of Burkina's electronic documents and materials.

**A.21. Burkina Objects to Interrogatory No. 21 to the extent it seeks information protected from disclosure by the attorney-client privilege, the work product doctrine or any other applicable privileges, immunities or protections from disclosure. Subject to and without waiving these and the foregoing General Objections, other than attorneys or legal assistants operating under the direction of an attorney, the information in these interrogatories was provided by the following individuals: None.**

22. Identify each electronic system for the storage of electronic documents that has been in place at all relevant times and a general description of each system, including the nature, scope, character, organization and formats employed in each system.

**A.22. Burkina Objects to Interrogatory No. 22 to the extent it seeks information protected from disclosure by the attorney-client privilege, the work product doctrine or any other applicable privileges, immunities**

**or protections from disclosure. Subject to and without waiving these and the foregoing General Objections, other than attorneys or legal assistants operating under the direction of an attorney, the information in these interrogatories was provided by the following individuals: None.**

23.   Explain Burkina's document retention policies.

**A.23. Burkina Objects to Interrogatory No. 23 to the extent it seeks information protected from disclosure by the attorney-client privilege, the work product doctrine or any other applicable privileges, immunities or protections from disclosure and is otherwise vague and overbroad. Subject to and without waiving these and the foregoing General Objections, other than attorneys or legal assistants operating under the direction of an attorney, the information in these interrogatories was provided by the following individuals: Burkina maintains its records in the normal course of business. See above.**

24.   Explain how any search for electronic documents was conducted and include any restrictions as to scope and method which might affect the ability to conduct a complete electronic search of the electronic documents.

**A. 24. Burkina Objects to Interrogatory No. 24 to the extent it seeks information protected from disclosure by the attorney-client privilege, the work product doctrine or any other applicable privileges, immunities or protections from disclosure. Subject to and without waiving these and the foregoing General Objections, other than attorneys or legal assistants operating under the direction of an attorney, the information in these interrogatories was provided by the following individuals: Mr. Sankara**

**simply reviewed all web transactions for the period of time since Campny**

**has been in use.**

Dated: New York, NY
      February 26, 2007

By_____

    Carmen S. Giordano
    225 BROADWAY, 40TH FLOOR
    New York, NY 10007

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

CAMPAGNOLO S.R.L.                       :
                                        :          Honorable Timothy J. Savage
                  Plaintiff,            :
                                        :
                                        :
        v.                              :          Civil Action No.  06-4856
                                        :
BURKINA WEAR, INC.                      :
                                        :
                  Defendant.            :

## DEFENDANT'S RESPONSES TO PLAINTIFF'S

## FIRST SET OF DOCUMENT REQUESTS

Pursuant to Rules 26, 33 and 34 of the Federal Rules of Civil Procedure, Defendant Burkina, by it's attorneys Carmen S. Giordano and Frank A. Mazzeo, hereby responds and objects to the First Set of Interrogatories ("Interrogatories") and Document Demands ("Requests") of plaintiffs Campagnolo, dated January 12, 2006.

These responses are based on the information currently available to Burkina. Burkina reserves the right to amend, supplement or modify its responses and objections at any time in the event that it obtains additional or different information.

## GENERAL OBJECTIONS

All of the General Objections set forth herein apply to and are incorporated into each of the specific responses to the Interrogatories and Requests set forth below and have the same force and effect as if fully set forth therein, whether or not expressly incorporated by reference in such specific responses. Without waiving any of these General Objections to the extent they apply to each of the Interrogatories or Requests, Burkina may specifically refer to certain General Objections in responding to certain Interrogatories or Requests.

A.    Burkina objects to each Interrogatory and Request to the extent it seeks information or documents protected from disclosure by the attorney-client privilege, the work product doctrine or any other applicable privileges, immunities or protections from disclosure. Any inadvertent disclosure of information or documents protected by the attorney-client privilege, the work product doctrine or any other applicable privilege, immunity or protection from disclosure is not intended and should not be construed to constitute a waiver of such privilege, immunity or protection. Defendant objects to these Document Requests and Interrogatories to the extent that they are vague, overly broad, unduly burdensome, and not reasonably calculated to lead to discovery of admissible evidence.

B.    Burkina objects to each Interrogatory and Requests to the extent that it seeks information or the production of documents that are not in the

2

possession, custody or control of Campagnolo. Plaintiffs object to these Document Requests and Interrogatories to the extent that they seek information obtained in anticipation of litigation, or which is protected by the attorney work product doctrine.

C.     Burkina objects to each Interrogatory and Requests to the extent that it is vague, ambiguous, confusing or otherwise incomprehensible. Defendant objects to these Document Requests and Interrogatories to the extent that they seek disclosure of information protected by the attorney-client privilege, including any documents prepared by plaintiff for her attorneys.

D.     Burkina objects to each Interrogatory and Request to the extent that it is overly broad or seeks information that is not relevant to the subject matter of the pending action and is not reasonably calculated to lead to the discovery of admissible evidence.

E.     Burkina objects to each Interrogatory and Request to the extent that it is unduly burdensome.

F.     Burkina objects to each Interrogatory and Request to the extent that it is unreasonably cumulative or duplicative.

G.     Burkina objects to each Interrogatory and Request to the extent that it seeks information or documents already in Plaintiff's possession, custody, or control.

H.     Burkina objects to each Interrogatory and Request to the extent that it seeks information or documents to which Plaintiffs have equal or better

3

access, or for which the burden on Burkina is equal to, or equal, or better access, or for which the burden on Burkina is equal to, or greater than, that of Plaintiffs in obtaining the requested information or documents.

I.    Burkina objects to each Interrogatory and Request to the extent it is premature.

J.    Burkina objects to the Definitions and Instructions and each Interrogatory and Request to the extent that they seek to impose duties and obligations on Burkina in excess of those imposed by the Federal Rules of Civil Procedure, the Local Civil Rules and decisional law construing such rules.

K.    The failure of Burkina to object to any specific Interrogatory or Request on a particular ground shall not be construed as a waiver of its rights to object on any additional ground(s). Burkina reserves the right to amend and/or supplement its objections and responses at any time consistent with further investigation and discovery.

L.    Burkina does not concede the relevance, materiality, or admissibility of any information or documents sought in these Interrogatories or Requests. Burkina's responses are without waiver or limitation of its rights to object on grounds of relevance, privilege, admissibility or evidence for any purpose, or any other ground to the use of any information or documents provided or referred to its responses, in discovery or in any proceeding, or at the trial of this any other action.

4

M.     Burkina objects to the inclusion of "independent contractor" in Plaintiff's definitions of the words "employment", "employed", and "employee".

N.     Burkina objects to each Interrogatory and Request to the extent that it seeks information beyond the time period relevant to this action.

O.     Burkina objects to each Interrogatory to the extent that it seeks information reflected in documents that have been requested by, and that will be produced in response to, Plaintiff's Requests.

## SPECIFIC DOCUMENT REQUESTS

1.     All documents that identify the business structure, ownership or holdings of Burkina.

**A. 1.  See annexed certificate of incorporation.**

2.     All documents relied upon for preparing paragraphs 1 through 24 of the Declaration of Abdul Momin Ahmed Sankara filed on January 12, 2007 in support of Defendant, Burkina's Motion to Vacate the Default Entered Against by it by the Plaintiff and Cross Motion alleging lack of personal Jurisdiction and Improper Venue.

**A. 2. See annexed invoices for Defendant's Paypal account since it's**

**use of the trade name Campny.**

3.     All documents that refer to or relate to any office, mailing address, telephone number, fax number or bank account, directly or indirectly, held, owned, leased or operated by Burkina within Pennsylvania.

**A. 3. None.**

4.     All documents that refer to or relate to any service providers, including but not limited to law firms or accounting firms located in Pennsylvania that perform work or have performed work for Burkina.

**A.4. None.**

5.    All documents that refer to or relate to any property within Pennsylvania that is owned or rented by Burkina.

**A. 5.  None.**

6.    All documents that refer to or relate to any insurance policy that Burkina has with a company located in Pennsylvania.

**A. 6. None.**

7.    All documents that refer to or relate to any shipment to Pennsylvania of any of Burkina's products or services.

**A. 7. None.**

8.    All documents that refer to or relate to any product or service that Burkina has sold or offered for sale to any customer or potential customer that is located in Pennsylvania.

**A. 8. None.**

9.    All documents that refer to or relate to any advertisements for products or services of Burkina that have appeared in an English language publication.

**A. 9. See annexed NYC Guide advertisement and Hot 97 paperwork.**

10.    All documents that refer to or relate to any trade show located in Pennsylvania that any employee or representative of Burkina has attended.

**A. 10. None.**

11.    All documents that refer to or relate to any meetings or sales calls that Burkina has had in Pennsylvania.

**A.11. None.**

12.    All documents that refer to or relate to any of Burkina's products or services that have been shipped, transported to or sold or offered for sale to a person or entity located within Pennsylvania.

**A.12. None.**

13.   All documents that refer to or relate to any customer or potential customer for any products or services of Burkina who are located within Pennsylvania.

**A.13. None.**

14.   All documents that refer to or relate to any contract offered or entered into with a company located within Pennsylvania by Burkina.

**A.14. None.**

15.   All documents that refer to or relate to any manufacturers, vendors, shippers, transfer agents, suppliers, distributors or resellers for Burkina's products or services that are located within Pennsylvania.

**A. 15. None.**

16.   All documents that refer to or relate to any correspondence or communications with a customer or a potential customer of Burkina who is located in Pennsylvania.

**A. 16. None.**

17.   All documents related to storage, holding or inventory of any of Burkina's products in Pennsylvania.

**A.17. None.**

18.   All documents that refer to or relate to travel to Pennsylvania by any of Burkina or any agent, employee, officer or director thereof.

**A.18. None.**

19.   All documents that refer to or relate to any tax, fee, tariff or custom duty paid by Burkina in Pennsylvania.

**A.19. None.**

20.   All documents that refer to or relate to any development or design steps in Pennsylvania for any of the Burkinas's products.

**A. 20. None.**

21.   All documents relating to any lawsuits or any other legal proceeding including administrative hearings in Pennsylvania involving Burkina.

**A.21. None.**

22.   All documents that refer to or relate to license negotiation(s) in Pennsylvania, involving Burkina or with any person or entity located within Pennsylvania.

**A.22. None.**

23.   All documents that refer to or relate to any correspondence or communication by Burkina with any person or entity located in Pennsylvania.

**A.23. None.**

24.   All documents that refer to or relate to Burkina's license or registration for Burkina to do business in Pennsylvania.

**A.24. None.**

25.   All documents referring to any prospectus, annual report, financial plan, business plan, projection, and marketing plan that refers or relates to the sale or offer for sale of products or services by Burkina in Pennsylvania.

**A.25. None.**

26.   All documents identified, used or relied upon in preparation of any of the Burkina's responses to Plaintiff's First Set of Jurisdictional Interrogatories Addressed to Burkina.

**A. 26. None.**

27.   All documents, including but not limited to diaries, calendars, expense requests, etc., that refer or relate to travel to Pennsylvania.

**A. 27. None.**

28.   All documents that identify websites that Burkina has owned, operated, advertised or displayed any of Burkina's products.

**A. 28.  See www.burkinas.com.**

8

29.   All documents that refer to the origin of web traffic to all websites that Burkina owns, operates, or has advertised.

**A. 29. None.**

30.   All documents that refer to the storage of data regarding internet sales or internet traffic related to any websites controlled or operated by Burkina.

**A. 30. See annexed sales receipts from Paypal account.**

31.   All documents that refer to sales or sales inquiries that originated in Pennsylvania and were received through any website controlled or operated by Burkina.

**A. 31. The only sales or sales inquiries are those of Plaintiff's**

**counsel John O'Malley and William Bowling attempt to buy.**

32.   All documents referring to events sponsored by Burkina, that are located within Pennsylvania or that are advertised in Pennsylvania.

**A. 32.  None.**

33.   All documents referring to advertisements on television channels, radio stations or internet broadcasts on which Burkina advertises that can be viewed or heard in Pennsylvania.

**A. 33. None.**

34.   All documents that refer to or relate to Burkina's document retention policy.

**A. 34. None.**

35.   All documents that refer to or relate to Burkina's policies for handling orders received by telephone, the internet, mail or e-mail.

**A. 35. Print outs.**

36.   All documents that refer to or relate to any website that sells or offers for sale Burkina goods or services.

**A. 36. None.**

37.    All customer and vendor lists.

**A. 37. None.**

Dated:  New York, NY
         February 26, 2007

_____
Carmen S. Giordano
225 BROADWAY, 40TH FLOOR
New York, NY 10007

10

N. Y. S. DEPARTMENT OF STATE
DIVISION OF CORPORATIONS AND STATE RECORDS          ALBANY, NY 12231-0001

FILING RECEIPT

ENTITY NAME: BURKINA WEAR, INC.

DOCUMENT TYPE: INCORPORATION (DOM. BUSINESS)          COUNTY: NEWY

SERVICE COMPANY: ** NO SERVICE COMPANY **          SERVICE CODE: 00 *

FILED:04/17/2000 DURATION:PERPETUAL   CASH#:000417000096 FILM #:000417000096

ADDRESS FOR PROCESS                               EXIST DATE
- - - - - - - - - - - - - - - - - -               - - - - - - - - - - -
THE CORPORATION                                   04/17/2000
177 EAST HOUSTON STREET
NEW YORK, NY 10002

REGISTERED AGENT
- - - - - - - - - - - - - - -

STOCK:          200 NPV



========================================================================
FILER                    FEES     160.00   PAYMENTS      160.00
- - - - -                ----              - - - - - - - -
                         FILING   125.00   CASH            0.00
ANTHONY BONARRIGO        TAX       10.00   CHECK         160.00
217 BROADWAY, SUITE 712  CERT       0.00   CHARGE          0.00
                         COPIES     0.00 DRAWDOWN          0.00
NEW YORK, NY 10007       HANDLING  25.00   BILLED          0.00



New York State Department of Taxation and Finance - Sales Tax

Identification Number

13412C364

(Use this number on all returns and correspondence)

Certificate of Authority

BURKINA WEAR, INC.
177 EAST HOUSTON ST
NEW YORK , NY 10002-1015

is authorized to collect sales and use taxes under Articles 28 and 29 of the New York State Tax Law.

**Not Transferable**

This certificate must be prominently displayed in your place of business listed above.
Fraudulent or other improper use of this certificate may cause it to be revoked.
This certificate may not be photocopied or reproduced.

VOID
VALIDATED
PROCESSING DIV
SALES TAX
12/21/2001
DEPT/OF TAX
AND FINANCE

DTF-17 C (3/97)

History - *PayPal*

**PayPal**

Log Out | Help | Security Center

My Account    Send Money    Request Money    Merchant Services    Auction Tools

Overview    Add Funds    Withdraw    History    Resolution Center    Profile

### History

**History**

Download My History

Dispute Reports

Advanced Search

Online Merchant Network

View up to three months of
**monthly account statements**    [ View this ]

Tips, articles, ideas, forums.

**Search**

Show:    All Activity - Simple View

○  Within:  The Past Day

◉  From:  1 / 1 / 2002
Month   Day   Year

To:  2 / 20 / 2007    [ Search ]
Month   Day   Year

**All Activity - Simple View from Jan. 1, 2002 to Feb. 20, 2007**

[ NEXT > ]

| Date | Type | To/From | Name/Email | Status | Details | Action | Gross | Fee | Net Amount |
|---|---|---|---|---|---|---|---|---|---|
| Feb. 4, 2007 | Payment | From | William Bowling | Cancelled | Details | | $48.75 USD | $0.00 USD | $48.75 USD |
| Feb. 3, 2007 | Payment | From | | Refunded | Details | | $20.00 USD | -$0.88 USD | $19.12 USD |
| Jan. 26, 2007 | Payment | To | saucekingofchicago@yahoo.com | Unclaimed | Details | [ Cancel ] | -$2.19 USD | $0.00 USD | -$2.19 USD |
| Jan. 26, 2007 | Payment | To | saucekingofchicago@yahoo.com | Cancelled | Details | | -$2.19 USD | $0.00 USD | -$2.19 USD |
| Jan. 26, 2007 | Payment | From | John O'Malley | Refunded | Details | | $65.00 USD | -$2.19 USD | $62.81 USD |
| Jan. 24, 2007 | Payment | To | | Completed | Details | | -$25.00 USD | $0.00 USD | -$25.00 USD |
| Jan. 23, 2007 | Bill | From | | Paid | Details | | $25.00 USD | $0.00 USD | $25.00 USD |
| Jan. 19, 2007 | Payment | From | | Completed | Details | [ Print shipping label ] | $25.00 USD | -$1.03 USD | $23.97 USD |
| Jan. 14, 2007 | Payment | From | | Completed | Details | [ Print shipping label ] | $45.00 USD | -$1.61 USD | $43.39 USD |
| Jan. 13, 2007 | Payment | From | | Completed | Details | [ Print shipping label ] | $26.00 USD | -$1.05 USD | $24.95 USD |
| Jan. 4, 2007 | Payment | From | | Completed | Details | [ Print shipping label ] | $20.00 USD | -$0.88 USD | $19.12 USD |
| Dec. 31, 2006 | Payment | From | | Completed | Details | [ Print shipping label ] | $26.00 USD | -$1.05 USD | $24.95 USD |
| Dec. 27, 2006 | Payment | From | | Completed | Details | | $56.00 USD | -$1.92 USD | $54.08 USD |
| Dec. 27, 2006 | Transfer | To | | Completed | Details | | -$500.00 USD | $0.00 USD | -$500.00 USD |
| Dec. 22, 2006 | Payment | From | | Completed | Details | [ Print shipping label ] | $40.00 USD | -$1.46 USD | $38.54 USD |
| Dec. 8, 2006 | Payment | From | | Completed | Details | [ Print shipping label ] | $20.00 USD | -$0.88 USD | $19.12 USD |
| Dec. 6, 2006 | Payment | From | | Completed | Details | [ Print shipping label ] | $35.00 USD | -$1.32 USD | $33.68 USD |
| Dec. 2, 2006 | Payment | From | | Completed | Details | [ Print shipping label ] | $80.00 USD | -$2.62 USD | $77.38 USD |
| Oct. 7, 2006 | Payment | From | | Completed | Details | | $45.00 USD | -$2.06 USD | $42.94 USD |
| Sep. 29, 2006 | Payment | From | | Completed | Details | | $45.00 USD | -$1.61 USD | $43.39 USD |

[ NEXT > ]

Mobile | Mass Pay | Money Market | ATM/Debit Card | Referrals | About Us | Accounts | Fees | Privacy |
Plus Card | Security Center | Contact Us | Legal Agreements | Developers | Shops



About SSL Certificates

Copyright © 1999-2007 PayPal. All rights reserved.
Information about FDIC pass-through insurance

To contact Customer Service about your History Log or Monthly Statement, use this form, call 1-888-221-1161,
or send mail to PayPal, P.O. Box 45950, Omaha, NE 68145-0950, United States.

History - PayPal

**PayPal**

Log Out | Help | Security Center

My Account    Send Money    Request Money    Merchant Services    Auction Tools

Overview    Add Funds    Withdraw    **History**    Resolution Center    Profile

| History |
|---|
| Download My History |
| Dispute Reports |
| Advanced Search |
| Online Merchant Network |

**Your site's safe.**
Now you can prove it. >

## History

View up to three months of
**monthly account statements**    [ View this ]

### Search

Show: [ All Activity - Simple View ▾ ]

◯ Within: [ The Past Day ▾ ]

◉ From: [ 1 ] / [ 1 ] / [ 2002 ]
Month / Day / Year

To: [ 2 ] / [ 20 ] / [ 2007 ]    [ Search ]
Month / Day / Year

**All Activity - Simple View from Jan. 1, 2002 to Feb. 20, 2007**

[ ‹ PREV ]  [ NEXT › ]

| Date | Type | To/From | Name/Email | Status | Details | Action | Gross | Fee | Net Amount |
|---|---|---|---|---|---|---|---|---|---|
| Sep. 19, 2006 | Payment | From | ▉▉▉ | Completed | Details | | $20.00 USD | -$1.08 USD | $18.92 USD |
| Sep. 16, 2006 | Payment | From | ▉▉▉ | Completed | Details | | $20.00 USD | -$0.88 USD | $19.12 USD |
| Aug. 30, 2006 | Payment | From | ▉▉▉ | Completed | Details | | $21.60 USD | -$0.93 USD | $20.67 USD |
| Aug. 18, 2006 | Payment | From | ▉▉▉ | Completed | Details | | $105.00 USD | -$3.35 USD | $101.65 USD |
| Aug. 15, 2006 | Payment | From | ▉▉▉ | Completed | Details | | $145.00 USD | -$4.51 USD | $140.49 USD |
| Aug. 14, 2006 | Payment | From | ▉▉▉ | Completed | Details | | $20.00 USD | -$0.88 USD | $19.12 USD |
| Aug. 9, 2006 | Payment | From | ▉▉▉ | Completed | Details | | $80.00 USD | -$2.62 USD | $77.38 USD |
| Jun. 22, 2006 | Payment | From | ▉▉▉ | Completed | Details | | $25.00 USD | -$1.03 USD | $23.97 USD |
| Jun. 14, 2006 | Payment | From | ▉▉▉ | Completed | Details | | $10.00 USD | -$0.59 USD | $9.41 USD |
| Apr. 26, 2006 | Transfer | To | | Completed | Details | | -$81.93 USD | $0.00 USD | -$81.93 USD |
| Apr. 17, 2006 | Payment | From | ▉▉▉ | Completed | Details | | $40.00 USD | -$1.46 USD | $38.54 USD |
| Mar. 30, 2006 | Payment | From | ▉▉▉ | Completed | Details | | $45.00 USD | -$1.61 USD | $43.39 USD |
| Mar. 20, 2006 | Transfer | To | | Completed | Details | | -$203.61 USD | $0.00 USD | -$203.61 USD |
| Mar. 15, 2006 | Payment | From | ▉▉▉ | Completed | Details | | $210.00 USD | -$6.39 USD | $203.61 USD |
| Mar. 6, 2006 | Transfer | To | | Completed | Details | | -$76.78 USD | $0.00 USD | -$76.78 USD |
| Mar. 5, 2006 | Payment | From | ▉▉▉ | Completed | Details | | $20.00 USD | -$0.88 USD | $19.12 USD |
| Feb. 28, 2006 | Payment | From | ▉▉▉ | Completed | Details | | $40.00 USD | -$1.46 USD | $38.54 USD |
| Jan. 16, 2006 | Payment | From | ▉▉▉ | Completed | Details | | $20.00 USD | -$0.88 USD | $19.12 USD |
| Jan. 5, 2006 | Transfer | To | | Completed | Details | | -$42.79 USD | $0.00 USD | -$42.79 USD |
| Dec. 27, 2005 | Payment | From | ▉▉▉ | Completed | Details | | $20.00 USD | -$0.88 USD | $19.12 USD |

[ ‹ PREV ]  [ NEXT › ]



About SSL Certificates

History - PayPal

Page 1 of 1



Log Out | Help | Security Center

| My Account | Send Money | Request Money | Merchant Services | Auction Tools |
| --- | --- | --- | --- | --- |
| Overview | Add Funds | Withdraw | History | Resolution Center | Profile |

## History

**History**
Download My History
Dispute Reports
Advanced Search

Online Merchant Network

Tips, articles, ideas, forums.

View up to three months of **monthly account statements**   [ View this ]

**Search**

Show:   All Activity - Simple View

○ Within:   The Past Day

◉ From:   [ 1 ] / [ 1 ] / [ 2002 ]
          Month   Day    Year

To:   [ 2 ] / [ 20 ] / [ 2007 ]   [ Search ]
      Month   Day    Year

**All Activity - Simple View from Jan. 1, 2002 to Feb. 20, 2007**

[ ‹ PREV ]

| Date | Type | To/From | Name/Email | Status | Details | Action | Gross | Fee | Net Amount |
| --- | --- | --- | --- | --- | --- | --- | --- | --- | --- |
| Nov. 30, 2005 | Payment | From |  | Completed | Details | | $20.00 USD | -$0.88 USD | $19.12 USD |
| Nov. 29, 2005 | Payment | From | | Completed | Details | | $5.00 USD | -$0.45 USD | $4.55 USD |
| Jul. 10, 2005 | Transfer | To | | Completed | Details | | -$314.08 USD | $0.00 USD | -$314.08 USD |
| Jun. 13, 2005 | Payment | From | | Completed | Details | | $164.76 USD | -$5.08 USD | $159.68 USD |
| May 9, 2005 | Payment | From | | Completed | Details | | $109.84 USD | -$4.58 USD | $105.26 USD |
| Dec. 17, 2004 | Payment | From | | Completed | Details | | $50.92 USD | -$1.78 USD | $49.14 USD |
| Jan. 27, 2004 | Payment | From | | Returned | Details | | $50.92 USD | $0.00 USD | $50.92 USD |

[ ‹ PREV ]

Mobile | Mass Pay | Money Market | ATM/Debit Card | Referrals | About Us | Accounts | Fees | Privacy |
Plus Card | Security Center | Contact Us | Legal Agreements | Developers | Shops |

About SSL Certificates

Copyright © 1999-2007 PayPal. All rights reserved.
Information about FDIC pass-through insurance

To contact Customer Service about your History Log or Monthly Statement, use this form, call 1-888-221-1161, or send mail to PayPal, P.O. Box 45950, Omaha, NE 68145-0950, United States.

PayPal Website Payment Details - PayPal

Page 1 of 2



Log Out | Help | Security Center

| My Account | Send Money | Request Money | Merchant Services | Auction Tools |
|---|---|---|---|---|
| Overview | Add Funds | Withdraw | **History** | Resolution Center | Profile |

## Transaction Details

### eBay Payment Received (ID # 2WK84866389859428)

**Total Amount:** $48.75 USD
**Date:** Feb. 4, 2007
**Time:** 11:29:47 PST
**Status:** Cancelled

| Item # | Item Title | Qty | Price | Subtotal |
|---|---|---|---|---|
| 190065831134 | OLD SCHOOL - T- Shirt Grey Sz (6XL) | 1 | $20.00 USD | $20.00 USD |
| 190067749343 | BROOKLYN (Script) - Blue T- Shirt (6XL) | 1 | $20.00 USD | $20.00 USD |

| | |
|---|---|
| Subtotal: | $40.00 USD |
| Shipping & Handling (includes any seller handling fees): | $8.75 USD |
| Shipping Insurance : | -- |
| **Total:** | $48.75 USD |

**Seller Protection Policy: Ineligible** ❓

**Shipping Address:** William Bowling
247 Jerome Avenue
Williamsport, PA 17701
United States
**Unconfirmed** ❓

**Payment From:** William Bowling   (The sender of this payment is **Verified**)
**Buyer's ID:** dubz247
**Buyer's Email:** bedubz@suscom.net
**Payment Sent to:** burkinawear@aol.com

**Payment Type:** eCheck
[ | Add Shipping Button/Link ❓

PayPal Website Payment Details - PayPal

**Description:** Consolidated Payment

Return to Log



About SSL Certificates

Copyright © 1999-2007 PayPal. All rights reserved.
Information about FDIC pass-through insurance

Transaction Details - PayPal

**PayPal**

Log Out | Help | Security Center

| My Account | Send Money | Request Money | Merchant Services | Auction Tools |

| Overview | Add Funds | Withdraw | **History** | Resolution Center | Profile |

## Transaction Details

**Payment Sent** (ID #4FY57127352063720)

**Name:** saucekingofchicago@yahoo.com
**Email:** saucekingofchicago@yahoo.com

**Total Amount:** -$2.19 USD

**Date:** Jan. 26, 2007
**Time:** 12:31:46 PST
**Status:** Unclaimed

**Subject:** refund
**Note:** john o'malley
**Shipping Address:** Burkina Wear
177 E. Houston St.
New York, NY 10002
United States
Unconfirmed  ❓

**Funding Type:** PayPal Funds
**Funding Source:** $2.19 USD - PayPal Account
[  |  Add Shipping Button/Link  ]  ❓

Have a problem? Address a problem with this transaction in the Resolution Center.

| Cancel Payment | | Return to Log |

Mobile | Mass Pay | Money Market | ATM/Debit Card | Referrals | About Us | Accounts | Fees | Privacy |
Plus Card | Security Center | Contact Us | Legal Agreements | Developers | Shops |



About SSL Certificates

Copyright © 1999-2007 PayPal. All rights reserved.

Transaction Details - PayPal

Information about FDIC pass-through insurance

Transaction Details - PayPal

Page 1 of 2



Log Out | Help | Security Center

| My Account | Send Money | Request Money | Merchant Services | Auction Tools |
| Overview | Add Funds | Withdraw | **History** | Resolution Center | Profile |

## Transaction Details

**Payment Sent** (ID #7B3839514G520223S)

**This transaction has been reversed**
**For further details please see transaction 3S654120V0630871Y**

Original Transaction

| Date | Type | Status | Details | Amount |
|------|------|--------|---------|--------|
| Jan. 26, 2007 | Payment To saucekingofchicago@yahoo.com | Cancelled | ... | -$2.19 USD |

Related Transaction

| Date | Type | Status | Details | Amount |
|------|------|--------|---------|--------|
| Jan. 26, 2007 | Cancelled Payment | Completed | Details | $2.19 USD |
| | | | Total: | $0.00 USD |

**Name:** saucekingofchicago@yahoo.com
**Email:** saucekingofchicago@yahoo.com

**Total Amount:** -$2.19 USD

**Date:** Jan. 26, 2007
**Time:** 12:18:28 PST
**Status:** Cancelled

**Subject:** refund
**Reason:** This payment was cancelled by the sender, Burkina Wear, on Jan. 26, 2007.
**Shipping Address:** Burkina Wear
177 E. Houston St.
New York, NY 10002
United States
Unconfirmed 🔲

**Funding Type:** PayPal Funds
**Funding Source:** $2.19 USD - PayPal Account
[ ] Add Shipping Button/Link ] 🔲

Return to Log

Transaction Details - PayPal

· Mobile | Mass Pay | Money Market | ATM/Debit Card | Referrals | About Us | Accounts | Fees | Privacy |
Plus Card | Security Center | Contact Us | Legal Agreements | Developers | Shops |



About SSL Certificates

Copyright © 1999-2007 PayPal. All rights reserved.
Information about FDIC pass-through insurance

PayPal Website Payment Details - PayPal                                    Page 1 of 2



Log Out | Help | Security Center

| My Account | Send Money | Request Money | Merchant Services | Auction Tools |

| Overview | Add Funds | Withdraw | **History** | Resolution Center | Profile |

## Transaction Details

**Shopping Cart Payment Received** (ID # 24C781159Y3446941)

**This transaction has been refunded.**
**For further details please see transaction 98889980N8153820X**

### Original Transaction

| Date | Type | Status | Details | Gross | Fee | Net |
|------|------|--------|---------|-------|-----|-----|
| Jan. 26, 2007 | Payment From John O'Malley | Refunded | ... | $65.00 USD | -$2.19 USD | $62.81 USD |

### Related Transaction

| Date | Type | Status | Details | Gross | Fee | Net |
|------|------|--------|---------|-------|-----|-----|
| Jan. 26, 2007 | Refund | Completed | Details | -$65.00 USD | $2.19 USD | -$62.81 USD |
| | | | Total: | $0.00 USD | $0.00 USD | $0.00 USD |

**Name:** John O'Malley   (The sender of this payment is **Unregistered**)
**Email:** saucekingofchicago@yahoo.com
**Payment Sent to:** burkinawear@aol.com

**Shopping Cart Contents**

| Qty | Item | Options | Price |
|-----|------|---------|-------|
| 1 | A-SWEAT06<br>Item # A-SWEAT06 | Choose from the following options:: M<br>Choose from the following options:: BLACK | $60.00 USD |
| | | **Amount** | $60.00 USD |

**Order Description:** Shopping Cart
**Item Total:** $60.00 USD
**Shipping:** $5.00 USD
**Handling:** $0.00 USD

**Total Amount:** $65.00 USD
**Fee Amount:** -$2.19 USD
**Net Amount:** $62.81 USD

**Date:** Jan. 26, 2007
**Time:** 09:57:32 PST
**Status:** Refunded
**Seller Protection Policy:** Ineligible ⬛

PayPal Website Payment Details - PayPal                    Page 2 of 2

**Shipping Address:** John O'Malley
725 Hemlock Road
Media, PA 19063
**United States**
Unconfirmed 

**Payment Type:** Instant
[ ] Add Shipping Button/Link ] ❓

---

**Description:** Shopping Cart

[ Return to Log ]

Mobile | Mass Pay | Money Market | ATM/Debit Card | Referrals | About Us | Accounts | Fees | Privacy |
Plus Card | Security Center | Contact Us | Legal Agreements | Developers | Shops |

About SSL Certificates

Copyright © 1999-2007 PayPal. All rights reserved.
Information about FDIC pass-through insurance



## Enough Fun To Make A Kid's Head Spin!



oys"R"Us Times Square is home
a spectacular 60 ft. indoor
erris Wheel, complete with
themed character cabs!
ow you can take home the
xcitement when you visit
ur new Ferris Wheel
outique located on the Lower
evel. And while you are here,
neck out our three floors of
mazing toys and attractions!



he Center of the Toy Universe
**Broadway & 44th St.**

TRAVEL GUIDE

FINE & KEEN

...ERACTIVE

**Discover the**



NIGHTLIFE SECTION POWERED BY clubplanet.com



LOWER EAST SIDE SPOTLIGHT

## SPECIALTY SHOPS (cont'd)

### BURKINA WORLD FAMOUS HIP-HOP SHOP
177 E Houston St. (Allen & Orchard) 212-460-9348 www.burkinns.com

This world famous hip-hop shop, visited by virtually every hip-hop star, is what's up for all your hip hop needs—from exlusive clothing to hard to find CDs and DVDs.

### DEMASK
144 Orchard St. 212-466-0814 www.demask.com

The world's largest fetish company. Specializing in latex and leather clothing for men and women in all sizes they also have a wide range of props and toys for the amateur and the professional.

### JUTTA NEUMANN NEW YORK INC.
158 Allen St. (Rivington & Stanton). 212-982-7048 www.juttaneumann-newyork.com

Well received by designers and the general public alike, this popular L.E.S. workshop and storefront is packed with stylish hand made leather accessories-bags, wallets, belts, wristbands and sandals.

### LEROI MANHATTAN
FINE BODY JEWELRY BOUTIQUE
80 Rivington St. (Allen & Orchard). 212-253-6402. www.leroimanhattan.com

Bringing a new level of expertise and exclusivity to New York City's body piercing community, jewelry designer, manufacturer Terry LeRoi brings you his premier body piercing salon and jewelry boutique.

### MOOSHOES
152 Allen St. (Rivington & Stanton) 212-254-6512. www.mooshoes.com

Vegan-owned business that want to offer that kind of cool, free footwear, bags, t-shirts, wallets, books and accessories. The first cruelty-free store of its kind...

131 Allen St. 212-777-6148
www.lowereastsidecny.com





# THE ONLY REAL TOP GUN JACKET

STYLE 2010GS

AVAILABLE AT:

**AVIREX**

652 Broadway • New York • NY 10012
212.254.4000

## PRESENT THIS AD FOR 10% OFF REGULAR PRICED MERCHANDISE

Good through 07/01/05
No reproduction accepted
Valid only at 652 Broadway
Limit one coupon per customer, per visit

Manhattan Mall features brand new retailers such as Charlotte Russe, Strawberry, Victoria's Secret, Body Shop, Express and so much more! Unique glass elevators will transport you to a new food court with seating for over 700 serving delicious food from around the globe. Bring the ad on page 9 of this book to the information booth and receive your free gift while supplies last. Sixth Avenue at 33rd Street. 212-465-0500. www.manhattanmallny.com

## SPECIALTY STORES

### ✪ AVIREX–THE COCKPIT

From athletics to aviation, the Avirex store features classic American Apparel as a total lifestyle brand based on the functional warrior within all of us. See a real gleaming WWII C-47 cockpit.

You can sit in and get the feeling of what it was like to be in one of these old airplanes. You may even be able to play an interactive game! Look at the museum quality displays of posters and memorabilia. An overall special shopping experience for the whole family. 652 Broadway (between Bleecker and Bond streets), 212-254-4000. www.avirex.com

### ✪ BLUESTOC

This independ
fair trade café
and volunteer-p
readings, works
es, and films a
Oh, and they've g............
cover topics like: NYC history, current events, feminism and political movements. You can also



If Burkina don't ha

**DeMASK**

144 Orchard St, NY 10002

www.demask.com

RB UEE

whatz up!



find some good 'ol smutty fiction. Please join them in striving for a society that is infinitely creative, truly democratic, equitable and free. 172 Allen St. (Rivington & Stanton). 212-777-6028. www.bluestockings.com

◊ **BONES BOUTIQUE NYC.**
"Ruff trade on the Lower East Side." There are Pucci-esque collars, I love NY Tees, Bruce Lee jumpsuits, NYC Cab toys, bags, and beds for dogs as well as cats and there's even Mooshka's spice for picky eaters. This is the only pet boutique in the L.E.S. Just think of how excited your best pal will be when you bring them back their new present. 9 Clinton St. (Houston & Stanton). 212-388-7887 www.bones-boutique.com

◊ **BUILD-A-BEAR**
Guests who visit the New York City Build-A-Bear Workshop store will have a variety of experiences beyond what is available at other locations. Guests will find the first-ever Paw-sonalize It station which combines



**Park Avenue looks.
Lower East Side prices.**

*JODAMO International*

321 Grand St. @ Orchard St.
BID to Grand St.
212.219.1039
www.jodamointernational.com

Collectiwear™ outfits and indulge their sports fantasies by dressing their stuffed animals in officially licensed uniforms from Football, Baseball, Basketball & Hockey teams. For dog lovers there is a complete line of Bear-emy's Kennel Pals® dogs—including dogs that are not to be found anywhere else in the world—and a canine accessories area for Guests who want to treat their new stuffed pals. Eat With Your Bear Hands Café is now open where Guests and their stuffed animals can enjoy an exciting kid-friendly dining experience. (Fifth Ave. & 46th St.). 877-789-BEAR, www.buildabear.com

◊ **BURKINA WORLD FAMOUS HIP-HOP SHOP**
Looking for hip-hop? Welcome to Burkina, established in 1996 it's the



world's oldest and hottest hip-hop shop. Step into Burkina for all yo hip hop needs from exlusive clothing to hard to find CD's and DVD's. This is the most visited shop by hip hop superstars, rappers, DJ's, and producers, so don't be surprised you run into one! 177 E. Houston (Orchard and Allen St.), 212-460-9348. www.burkinas.com

◊ **CINDERELLA CLUB**
Check out Cinderella Club for a trendy assortment of fashion jewelry. Catering to all ages, numerous styles of jewelry can be found at reasonable prices. 681 8th Ave (between 43rd & 44th Street). 212-581-0922

◊ **COLISEUM BOOKS**
Surround yourself with books. This venerable independent bookseller, steps away from Times Square, offers selection and service to visitors and native New Yorkers alike. Full line of travel guides and maps, a top notch selection of literary fiction & serious non-fiction, carefully chosen remainders as well as best sellers. Need a break or bite to eat? Relax in the café with Kobniks coffee, pastries and sandwiches. Easy to find, across from the New York Public Library and Bryant Park, at 11 W. 42nd St. (bet. 5th & 6th aves.), 212-803-5890. www.coliseumbooks.com

# Jutta Neumann New York Inc.



188 Allen Street, NY NY
Tel: 212.982.7048 Fax: 212.353.[...]
www.juttaneumann-newyo[...]

wide range of props and toys for the amateur to the professional. MAW&F: 11-7, Th: 12-8, Sat: 11-7, Sun: 12-6. 144 Orchard St. 212-466-0816, www.demask.com

◊ **HAIRY MARY'S**
One of the city's best vintage boutiques. These are eclectic and wearable clothes without the sticker shock. Plus, it's fun saying "Hairy Mary's". 149 Orchard St. (Stanton & Rivington) 212-228-8989 www.hairymarysvintage.com

◊ **JUTTA NEUMANN NEW YORK INC.**
Well received by designers and general public alike, this popular L.E.S. workshop and storefront packed with stylish hand made leather accessories-bags, wallets, belts, wristbands & sandals. 158 Allen St. (Rivington & Stanton), 212-982-7048. www.juttaneumann-newyork.com

◊ **LEROI MANHATTAN FINE BODY JEWELRY BOUTIQUE.**
Come experience the boutique that JCK's *Luxury* Magazine c[...]



EXHIBIT B

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| CAMPAGNOLO S.R.L. | : | |
| Via della Chimica 4, | : | Civil Action No. 06-4856 |
| 36100 Vicenza, Italy, | : | |
| | : | AFFIDAVIT OF ABDUL MOMIN |
| Plaintiff, | : | AHMED SANKARA IN |
| | : | SUPPORT OF MOTION TO |
| | | VACATE THE DEFAULT AND |
| BURKINA WEAR, INC. | : | DISMISS FOR LACK OF |
| 177 E. Houston Street | : | JURISDICTION OR PROPER |
| New York, NY 10002, | : | VENUE OR IN THE |
| | : | ALTERNATIVE FOR TRANSFER |
| Defendant. | : | |

ABDUL MOMIN AHMED SANKARA, being duly sworn, states:

1.      I am the founder and President of defendant Burkina Wear, Inc. ("Burkina"), a corporation incorporated under the laws of and located within the State of New York.  I submit this Affidavit in support of Burkina's Motion to dismiss the complaint for lack of jurisdiction or proper venue or, in the alternative, transfer to the United States District Court in the Southern District of New York.  The statements herein are based either on my personal knowledge or the allegations of the Complaint, Exhibit "D" to the Motion.

2.      Burkina, which opened for business in 1996 and was incorporated in 2000, manufactures and/or markets urban-theme street wear and related items, including hip-hop recordings.  Burkina sells primarily from its one small store, also called Burkina, located on New York City's Lower East Side, as well as from its website, www.burkinas.com.  Since 2004, Burkina has used the mark "Campny" on apparel sold from its store and website.

1

3.      Plaintiff Campagnolo S.r.L. ("Campagnolo" or "plaintiff"), headquartered in Vicenza, Italy, has manufactured and sold cycling equipment, clothing and related gear since 1933 and now has offices worldwide.   Plaintiff's primary mark is "Campagnolo" but, it alleges, the shortform mark "Campy" is sometimes used to denote the company or its products, including cycling apparel.

4.      Campagnolo claims in this action that that Burkina's marketing of clothing and related products under the trade name "Campny" creates a risk of somehow confusing cycling consumers and diluting the value of Campagnolo's "Campagnolo" and alleged "Campy" marks.

5.      I am aware of no contacts whatsoever between Burkina and the Eastern District of Pennsylvania, or any area in this state, that are sufficient to subject Burkina to jurisdiction in Pennsylvania.  Also considering the business of Campagnolo, the allegations of the Complaint and the witnesses and documents that would be relevant to this lawsuit, I can discern no connection regarding the dispute herein with the Eastern District of Pennsylvania or purpose to litigation of this dispute in that district that would not be oppressive to defendant as well as the Court.  The convenience of the parties and the efficient administration of justice would heavily favor transfer to the Southern District of New York, the location of Burkina's business, where all Burkina products are designed and manufactured as well as the location where by far the bulk of any of the alleged trademark confusion or dilution would have to have occurred, if it did, which Burkina will sharply contest.

6.      Initially, as a procedural matter, I informed my attorney in New York on or about December 8, 2006 that a copy of the summons and complaint were left

2

at my store on December 8, 2006. However, I did not indicate that the summons and complaint were actually "served" on a person of "suitable age and discretion" at my store and Mr. Giordano had the impression that it was simply left at the store when I was closed. I received the document from an employee when I came to work and incorrectly assumed that she found it left under the security gate when she came to work. On or about January 2, 2007, Mr. Giordano stopped by my store the night before he was leaving town again to pick up his children in Florida and he picked up the letter I received from Plaintiff's counsel. When Mr. Giordano opened the letter, he indicated that Plaintiff had personally served an employee at my store and therefore our time to answer or otherwise respond to the complaint had or was about to expire.

7.     Mr. Giordano had been trying to find local counsel who could assist us with the case since on or about November 20, 2006, but he was unable to find someone that I could afford until a larger firm recommended Frank A. Mazzeo. When we realized our response to the complaint was actually due, we moved quickly, I signed an agreement and sent a check to Mr. Mazzeo and Mr. Mazzeo immediately sought an extension from Plaintiff's Counsel who refused to consent to any extra time, knowing we would be moving to dismiss Plaintiff's action which was improperly brought in Pennsylvania to take advantage of me as a small out of town business with no contacts or connection whatsoever with Pennsylvania (Exhibit "F").

### Factual Background

### (a) Burkina's Products and Business and Lack of Pennsylvania Contacts.

8.     Burkina's business started in 1996. The company sells hip-hop recordings and street-theme apparel currently from a 400-square-foot store on New York

City's Lower East Side.   See selected articles about Burkina from publications annexed as Exhibit "A" and selected photographs of items of apparel marketed by Burkina annexed as Exhibit "B".

        9.     Burkina was incorporated in 2000.   Pursuant to Burkina's Certificate of Incorporation, subscribed on April 3, 2000, Burkina's office is located in the County of New York, State of New York.   Certificate of Incorporation, attached as Exhibit "C", paragraph (3).   The office address is 177 East Houston Street, New York, New York 10002, the same location as the store.   The New York State Secretary of State is designated as the agent of Burkina upon whom process against it may be served, and the post office address to which the Secretary of State shall mail a copy of any process against Burkina is 177 Houston Street, New York, N.Y. 10002.   The aggregate number of shares which Burkina has the authority to issue of two hundred (200), with no par value. Exhibit "C", paragraph (4).

        10.    Burkina has had no business contacts with Pennsylvania.   Burkina has no stores, agents, contractors or known customers in Pennsylvania.   The only store Burkina has is located on Houston Street in New York City.   As far as I can recall, Burkina has not sold merchandise in Pennsylvania or shipped merchandise to Pennsylvania.   Nor has Burkina advertised in Pennsylvania or attended a trade show there.   Burkina has no manufacturing plants in Pennsylvania.   I personally have been to Pennsylvania only while driving through on my way further south to visit relatives and friends.

11.     Burkina's internet site could be viewed by persons anywhere in the world, including of course in Pennsylvania.   Other than that minimal possibility of "connection," I am unaware of any link between Burkina and Pennsylvania.

### (b) The Business of Campagnolo

12.     Based on the allegations of the Complaint, and the exhibits thereto, Exhibit "D" to Defendant's Motion, Campagnolo is indisputably a large company with worldwide sales and representatives.   The last page of exhibit b (to the Complaint) shows that Campagnolo has offices in Italy, the United States (in California), Spain, Austria and Denmark and what appear to be representatives or agents in Australia, Belgium, Canada, Holland, Japan, Korea, Taiwan, the United Kingdom and the United States (in Minnesota).

13.     Campagnolo's business involves the sale of cycling equipment and apparel, as shown in exhibits a and b to the Complaint.   Exhibit a to the Complaint contains Campagnolo's trademarks for all of those items, and exhibit b to the Complaint contains pertinent pages of its cycling apparel catalogue.

14.     Campagnolo alleges that it is known widely by the nickname "Campy," a word used on its website, of which a page is annexed as exhibit c to the Complaint, which refers to "Mad4Campy" and "Campy Downloads," including the "new and exclusive Campagnolo calendar." See Complaint ¶¶ 19-24.

### Proceedings Before the United States Trademark Trial and Appeal Board

15.     In the fall of 2005, Burkina initiated proceedings to register the name "CAMPNY" with the United States Patent and Trademark Office ("USPTO"). Campagnolo, by counsel whose offices are located in Philadelphia, Pennsylvania, which

same counsel now represents Campagnolo herein, filed papers opposing Burkina's application. Throughout that USPTO proceeding Campagnolo has resisted producing documents requested by Burkina in discovery. On November 1, 2006, just after obtaining yet another enlargement of its time to comply with Burkina's discovery requests, Campagnolo filed a motion to suspend the USPTO proceedings pending the resolution of this matter. See Applicant's (A) Response to Opposer's Motion to Suspend, (B) Motion to Dismiss, (C) Motion for Sanctions and (D) Motion for Judgment on the Pleadings ("Applicant's Response"), attached hereto as Exhibit "E".

16.     In fact, Campagnolo commenced this action on the same date it filed its motion to suspend the USPTO proceedings. Exhibit F ¶¶ 5-6. As shown in its Response filed in the USPTO proceedings, Burkina vigorously opposes Campagnolo's motion to suspend the proceedings on grounds of Campagnolo's abuse of the opposition process and waste of the time and resources of the Trademark Trial and Appeal Board and Burkina ("TTAB"). Burkina has also moved to dismiss Campagnolo's opposition with prejudice, enter judgment in favor of Burkina and for an order barring Campagnolo from introducing any new evidence or testimony in support of its claims before the TTAB. As stated in Burkina's Response, the grounds for this requested relief are as follows:

> Opposer [Campagnolo] has failed to comply with the Board's [discovery] order; failed to address the discovery deficiencies noted by Applicant in multiple letters to counsel for Opposer; objected to nearly every item in Applicant's first discovery [request] as "Confidential"; failed to provide a draft protective order; and failed to sign the standard protective order provided by counsel for Applicant. Opposer, having failed to make a good faith effort in discovery for this proceeding, is now attempting to use a procedural loophole and its financial

strength to place a burden on Applicant to defend itself in another court of law

Opposer's actions and Opposer's motion to Suspend are unjust, inequitable and an abuse of the Trademark Trial and Appeal Board proceedings. If Opposer's motion to Suspend is granted, it will give tacit approval to Opposer's evasive and abusive tactics. If Opposer's Motion to Suspend is granted it will further delay Applicant's approved trademark application and cause harm to Applicant. A suspension would allow Opposer to further delay the proceedings and Opposer's discovery obligations without any guarantee that the Civil Action would make these proceedings moot. It is very possible that the Civil Action will not generate a ruling regarding Applicant's application, and Opposer would in that case seek to proceed with this Opposition, causing Applicant further cost, delay and significant harm.

Opposer's Notice of Opposition is based upon a likelihood of confusion and dilution between Opposer's CAMPAGNOLO and alleged CAMPY marks and Applicants CAMPNY mark. Even accepting all of the allegations in the Notice of Opposition as true and undisputed for the purpose [of] this motion, pursuant to TBMP §504, Opposer is not entitled to a judgment in its favor.

The lettering "NY" contained in 'Applicant's mark, and innone of Opposer's marks, is widely recognized as the abbreviation for the city and/or state of "New York," As a result of the lettering "NY", Applicant's mark has a distinctive appearance, sound and meaning. As a matter of law, the mark of Applicant and the marks of Opposer look different, sound different, have different meanings, and have different commercial impressions. As a matter of law, even if used for identical goods and/or services, the marks of Applicant are not likely to dilute or to be confused with Opposer's marks.

17.    Campagnolo's motion to suspend the USPTO proceedings and Burkina's cross motion to dismiss Campagnolo's opposition and for other relief are currently pending before the Trademark Trial and Appeal Board.

7

### Allegations of the Complaint

18.     The Complaint, Exhibit "D" to the instant Motion ("Complaint"), alleges that Campagnolo is a limited liability company organized and existing under the laws of Italy, having a business address at Via della Chimica 4, 36100 Vicenza, Italy (complaint ¶ 1) and that Campagnolo USA, a related company to Campagnolo, located in California, is the United States sales, marketing and distribution company for Campagnolo.  Complaint ¶ 2.  See also last page of exhibit b to Complaint.  The complaint next alleges that Burkina is a corporation having a principal place of business at 177 E. Houston Street, New York NY 10002.  Complaint ¶ 3.

19.     With regard to jurisdiction, the complaint alleges, upon information and belief, that Burkina conducts business in commerce using the "Campny" name and make throughout the United States, including Pennsylvania, and that Burkina is subject to the jurisdiction of this Court under Pennsylvania's long-arm statute based upon business it has conducted within the Commonwealth of Pennsylvania.  Complaint ¶¶ 5, 9. The complaint also alleges that this action arises out of a New York State statute, New York General Business Law § 360-1, addressing trademark dilution, 15 U.S.C. § 1125, the federal Lanham Act which regulates, inter alia, the same potential claim, and the common law.

20.     In support of its New York trademark dilution claim, Campagnolo alleges that, aside from using its "CAMPAGNOLO" mark, it "also holds itself out as, and is widely known to the public by the trademark and trade name 'CAMPY,'" Complaint ¶ 19, and that the public widely refers to Campagnolo as "CAMPY." Complaint ¶ 20. Campagnolo alleges that the public will be confused by Burkina's use of the allegedly

similar mark "CAMPNY" and believe that Burkina's goods, which are allegedly "identical or related to" Campagnolo's, are associated with, sponsored by or licensed from Campagnolo.  Complaint ¶¶ 28, 29.

21.    In support of its federal trademark dilution claim under 15 U.S.C. § 1125(c), plaintiff alleges the same facts as alleged under the New York anti-dilution law, adding only that Burkina willfully intended to trade on Campagnolo's reputation or to dilute its marks.

22.    In support of its federal unfair competition claim under 15 U.S.C. § 1125(a), plaintiff alleges unfair competition, false designation of origin, palming off and false description or representation, irreparable harm and unjust enrichment as well as monetary damages.

23.    Lastly, in Count IV, plaintiff alleges that all of the aforementioned conduct constitutes common law trademark infringement.

### The Witnesses and Documents Relevant to This Lawsuit

24.    All documents relating to Burkina's business are in New York, New York.  All witnesses knowledgeable about Burkina's business are also situated in New York City.   The issues that would arise in this lawsuit -- whether the public would be likely to think that Burkina's "CAMPNY" mark is connected with Campagnolo's "CAMPAGNOLO" or alleged "CAMPY" marks in the area where goods with "CAMPNY" are sold – also necessarily arise in and are limited primarily to New York.

(The remainder of this page is left intentionally blank

signature page follows)

9

Dated: New York, NY

     January *11*, 2007

                                                Abdul Momin Ahmed Sankara

Sworn to before me this *11* day of January 2007

Notary Public

                           CARMEN S. GIORDANO
               NOTARY PUBLIC, STATE OF NEW YORK
                    NO. 02GI6071065
             QUALIFIED IN NEW YORK COUNTY
           COMMISSION EXPIRES *3/11/10*