**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **CAMPAGNOLO S.R.L.** | : | **CIVIL ACTION** |
| | : | |
| v. | : | NO. 06-4856 |
| | : | |
| **BURKINA WEAR, INC.** | : | |

## ORDER

**AND NOW**, this 1st day of May, 2007, upon consideration of Defendant's Motion to Dismiss Pursuant to F.R.C.P. 12(b)(2) and (3) Due to Lack of Personal Jurisdiction and Improper Venue (Document No. 20) and the plaintiff's response, it is **ORDERED** that the motion is **GRANTED**,[1] and this action is **DISMISSED**.

        /s/ Timothy J. Savage
        TIMOTHY J. SAVAGE, J.

---

[1] The only possible basis for exercising personal jurisdiction over the defendant in this trademark infringement suit is the defendant's websites, which allow Pennsylvania users to purchase the alleged infringing products. Whether a non-resident's internet website is sufficient to support personal jurisdiction depends on a sliding scale of interactivity. *Zippo Mfg. Co. v. Zippo Dot Com, Inc.*, 952 F.Supp. 1119, 1124 (W.D. Pa. 1997). At one end of the scale is the interactive website used in lieu of face-to-face contact to conduct all business with residents of the forum state. At the other end is the website used as an advertising tool to promote interest in the defendant's products.

    The defendant's websites are not at either end of this scale. The defendant concedes that Pennsylvania customers can purchase its products online. However, the operation of a commercially interactive website accessible in the forum state is not enough to support personal jurisdiction. *Toys "R" Us, Inc. v. Step Two, S.A.*, 318 F.3d 446, 454 (3d Cir. 2003). There must also be evidence the defendant "purposefully availed" itself of conducting business activities here. *Id.* Nothing in the record suggests the defendant intentionally interacted with this forum. Approximately ninety-nine percent of the defendant's sales are made directly out of its New York City store. *Def.'s Mot.* ¶ 6. Of the one percent of sales made over the Internet, not a single one was made to Pennsylvania. *Id.*

    The record after jurisdictional discovery demonstrates that the defendant's contacts with Pennsylvania, over the Internet or otherwise, are insufficient to justify the exercise of specific or general jurisdiction. Therefore, this action must be dismissed.